## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Sherry Ford,

               Plaintiff,        Case No. 23-12070

v.                              Judith E. Levy
                                 United States District Judge

Blue Cross Blue Shield of
Michigan,                         Mag. Judge Elizabeth A.
                                 Stafford

               Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [13] AND DENYING AS MOOT DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [11]

Before the Court is Defendant Blue Cross Blue Shield of Michigan's ("BCBSM") motion for judgment on the pleadings (ECF No. 11) and Plaintiff Sherry Ford's motion for leave to file her amended complaint. (ECF No. 13.)

Plaintiff filed the complaint on August 14, 2023, alleging that BCBSM violated Title VII and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). (ECF No. 1.) On February 21, 2024, Defendant filed a motion for judgment on the pleadings. (ECF No. 11.) Shortly after, Plaintiff filed

a motion for leave to file an amended complaint on March 12, 2024. (ECF No. 13.) Both motions have been fully briefed. (ECF Nos. 14, 15, 16, 17.)

For the reasons set forth below, Plaintiff's motion for leave to file an amended complaint is granted (ECF No. 13), and Defendant's motion for judgment on the pleading is denied as moot. (ECF No. 11.)

## I.   Factual Background

Plaintiff worked as a Performance Evaluation Specialist for BCBSM for over 20 years until her termination on January 5, 2022. (ECF No. 1, PageID.3.) On November 1, 2021, BCBSM announced that all employees and contractors must be vaccinated against COVID-19 by December 8, 2021. (*Id.*) After this announcement, Plaintiff submitted a religious accommodation request seeking an exemption from Defendant's COVID-19 vaccination requirement. (*Id.* at PageID.1, 6.) In her complaint, Plaintiff described her religious beliefs as "seek[ing] to make all decisions, especially those regarding vaccination and other medical decisions, through prayer." (*Id.* at PageID.6.) Her request for an exemption was denied. (*Id.*) Plaintiff did not receive the COVID-19 vaccine; as a result, Defendant placed her on unpaid leave and ultimately terminated her employment on January 5, 2022. (*Id.*)

In her proposed amended complaint, Plaintiff includes additional details on her religious beliefs and how these beliefs conflicted with BCBSM's COVID-19 vaccine requirement. (*See* ECF No. 13-1, PageID.163–168.) These details include that she "prayed to God for wisdom and discernment about taking the COVID-19 vaccine," she "believes that her body is a temple for the Holy Spirit," and "she is religiously obligated to keep her body and immune system as God intended." (*Id.* at PageID.164–165.) Plaintiff believes "it would be a sin to alter her natural God-given immunity by taking *any* vaccine, which would indicate distrust in God's healing power." (*Id.* at PageID.165 (emphasis in original).) Plaintiff also asserts that "she has not received a vaccine in over 15 years and objects to all vaccines in accordance with Psalm 31:14 and Isaiah 55:8-9." (*Id.*)

Finally, Plaintiff's proposed amended complaint adds allegations regarding BCBSM's Director of Employee and Labor Relations, Bart Feinbaum. She alleges that he made statements which constitute "direct evidence of discrimination and a blanket policy to deny religious accommodation beliefs." (*Id.* at PageID.170.) According to the proposed amended complaint, Mr. Feinbaum stated in a human resources meeting

3

that "he believed that the three major religions (Christianity, Judaism, and Islam) all allowed for vaccination against COVID-19," that "the goal of Defendant's interview process was to 'pressure' employees to get vaccinated against COVID-19," and that "Defendant was not allowed to accept 'all' religious accommodation requests." (*Id.*)

## II.   Legal Standard

A party seeking to amend a claim, when such an amendment would not be as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied where the amendment demonstrates defects "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Parchman v. SLM Corp.*,

896 F.3d 728, 738 (6th Cir. 2018) (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)).

When deciding a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.  Analysis

Plaintiff brings a failure-to-accommodate claim and a disparate treatment claim under Title VII (Counts I and II), and a disparate treatment claim and intentional discrimination claim under ELCRA

(Count III). (ECF No. 13-1, PageID.172–178.) Defendant argues that Plaintiff's proposed amended complaint is futile and should not be filed because (1) Plaintiff has not alleged a sincerely held religious belief, which is fatal for all three counts, and (2) Plaintiff has not alleged sufficient facts to establish a claim for disparate treatment, which is fatal for Counts II and III. (ECF No. 15, PageID.229–240.)

### A.    Plaintiff's sincerely held religious belief

Defendant first argues that Plaintiff's proposed amended complaint fails to allege a sincerely held religious belief. Defendant argues that the Court should not construe her beliefs as sincerely held religious beliefs because it would result a "blanket privilege," which is a "a limitless excuse for avoiding all obligations." (ECF No. 15, PageID.232 (quoting *Lucky v. Landmark Medical of Michigan*, Case No. 23-cv-11004, 2023 WL 7095085, at *6 (E.D. Mich. Oct. 26, 2023)).) Defendant also characterizes Plaintiff's beliefs as medical, not religious. (*Id.* at PageID.234 ("[W]hen a plaintiff . . . expresses an opposition to polluting or harming the body, her belief that the 'body is a temple' is a *medical* concern, not a religious belief.").) The Court disagrees and finds that Plaintiff's beliefs, as alleged in the proposed amended complaint, are religious.

Defendant agrees that Plaintiff's alleged beliefs are very similar to, if not the same as, the beliefs described in *Lucky*, 2023 WL 7095085. (ECF No. 15, PageID.232 ("Plaintiff's allegations here are functionally the same as the allegations pled in *Lucky*.").) Like Plaintiff, the plaintiff in *Lucky* resisted a vaccination requirement due to a belief based in her Christian faith: that her body is a "temple" for God and that the vaccine would go against God's design for her body. (ECF No. 13-1, PageID.164–165); *Lucky*, 2023 WL 7095085, at *1 n.2. In *Lucky*, the district court held that the complaint should be dismissed for failure to state a claim because the plaintiff had not alleged a religious belief. *Id.* at *7 (holding that "her religion had a specific tenant or principle that does not permit her to be vaccinated" and only offered "naked assertions devoid of further factual enhancement").

This decision was recently reversed. *Lucky v. Landmark Medical of Michigan, P.C.*, 103 F.4th 1241 (6th Cir. 2024). The Sixth Circuit held that the plaintiff's allegations were sufficient to establish that "her refusal to receive the vaccine was an 'aspect' of her religious observance or belief" and that the plaintiff need not explain how "her religion has a specific tenet or principle that does not permit her to be vaccinated." *Id.*

at 1243–44 (quoting *Lucky*, 2023 WL 7095085, at \*7). Here, Defendant's arguments now contradict Sixth Circuit precedent. *Id.*; *see also Sturgill v. Am. Red Cross*, \_\_ F.4th \_\_, No. 24-1011, 2024 WL 3886589, at \*4 (6th Cir. Aug. 21, 2024) (holding that similar allegations are clearly religious).

Like *Lucky*, Plaintiff's beliefs are religious. Her amended complaint "[pleads] facts supporting an inference that her refusal to be vaccinated for [COVID-19] was an 'aspect' of her 'religious observance' or 'practice' or 'belief.'" *Lucky*, 103 F.4th at 1243 (quoting 42 U.S.C. § 2000e(j)). She is a "devout Christian" and believes that she is "religiously obligated to keep her body and immune system as God intended," and that "it would be a sin to alter her natural God-given immunity by taking *any* vaccine." (ECF No. 13-1, PageID.164–165.) It is clear that Plaintiff's "refusal to receive the vaccine [is] an 'aspect' of her religious observance or belief." *Lucky*, 103 F.4th at 1243.

As such, the Court finds that Plaintiff has sufficiently alleged a sincerely held religious belief.

### B.    Disparate treatment under Title VII and ELCRA

Defendant argues that Plaintiff's disparate treatment claims under Title VII and ELCRA are futile because she does not sufficiently allege

circumstantial or direct evidence of Defendant's discriminatory motive. (ECF No. 15, PageID.235, 240.) In order to state a claim of disparate treatment under Title VII and ELCRA, Plaintiff must plausibly allege that Defendant treated her differently than other employees because of her religion. *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024); *Humenny v. Genex Corp*, 390 F.3d 901, 906 (6th Cir. 2004) ("Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases."). Generally, plaintiffs "may establish a case of unlawful discrimination through either direct or circumstantial evidence." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 n.5 (6th Cir. 2008).

### i.    *Circumstantial Evidence*

According to Defendant, Plaintiff's proposed amended complaint does not sufficiently allege circumstantial evidence of Defendant's discriminatory motive because she does not allege that "any similarly situated employee was treated more favorably." (ECF No. 15, PageID.235.) Defendant contends that Plaintiff does not identify a religion or a religious belief that it "favored" over Plaintiff's beliefs, nor

9

similarly situated employee who was treated more favorably. (*Id.* at PageID.237–238.)

First, to the extent that Defendant argues that Plaintiff's amended complaint fails to plead a prima facie case of employment discrimination, that argument must be rejected. "A plaintiff does not have to allege specific facts establishing a prima facie case of discrimination in their complaint." *Savel*, 96 F.4th at 943. As such, Plaintiff need not identify specific, similarly situated employees who were treated more favorably, as long as the Court is able to reasonably infer that Defendant treated her differently than other employees due to her religious beliefs. *See Spencer v. Blue Cross Blue Shield of Michigan*, No. 23-CV-11913, 2024 WL 3755979, at *4–5 (E.D. Mich. Aug. 12, 2024).

The Court finds that Plaintiff's proposed amended complaint plausibly alleges that Defendant treated her differently than other employees due to her religious beliefs. Plaintiff identifies that Defendant "favored" those with different beliefs over Plaintiff. (ECF No. 13-1, PageID.172, 177.) The proposed amended complaint states that she was terminated "based on Defendant's own subjective standard of religiosity," that Defendant discriminated against her "unique sincerely held

10

spiritual beliefs," and that Defendant "determined that some religious beliefs of its employees were valid while others were bogus." (*Id.* at PageID.179–180.)

Several other courts determined that similar, if not nearly identical, allegations were sufficient to support an inference that other, similarly situated employees were treated differently. *See Spencer*, 2024 WL 3755979, at *4–5; *Williams v. Blue Cross Blue Shield of Michigan*, No. 23-CV-12066, 2024 WL 1994258, at *5 (E.D. Mich. May 6, 2024); *Horne v. Pentastar Aviation, LLC*, No. 23-11439, 2024 WL 1607017, at *9 (E.D. Mich. Apr. 12, 2024) (holding that the plaintiff sufficiently alleged a disparate treatment claim based on the defendant's treatment of other, similarly-situated employees with different religious beliefs). Further, Defendant acknowledges that it "*granted* many religious accommodation requests," (ECF No. 15, PageID.248 (emphasis in original)), signifying that some religious accommodation requests were granted and others were not.

As such, the Court concludes that Plaintiff's proposed amended complaint sufficiently alleges circumstantial evidence of Defendant's discriminatory motive.

### ii.    Direct Evidence

Additionally, the Court finds that Plaintiff's proposed amended complaint sufficiently alleges direct evidence of disparate treatment. Plaintiff states that Defendant's Director of Employee and Labor Relations, Mr. Feinbaum, "was responsible for deciding which employees received religious and medical accommodations," but instructed "employees who would be conducting the religious accommodation interviews that Defendant was not allowed to accept 'all' religious accommodation requests." (ECF No. 13-1, PageID.171.) Mr. Feinbaum allegedly asserted in that same meeting that "after performing personal research . . . he believed that the three major religions (Christianity, Judaism, and Islam) all allowed for vaccination against COVID-19," and that "the goal of Defendant's interview process was to 'pressure' employees to get vaccinated against COVID-19." (*Id.*)

According to Defendant, these allegations "require far-fetched, impermissible *inferences* to arrive at 'direct evidence' of discriminatory intent." (ECF No. 15, PageID.242 (emphasis in original).) The Court disagrees. Plaintiff claims that she was discriminated against because of her different religious beliefs, and the alleged statements from the

Director of Employee and Labor Relations display disregard or animus towards certain religious beliefs. *See Williams*, 2024 WL 1994258, at \*5 (evaluating the same statements from Mr. Feinbaum).

Defendant also argues that Mr. Feinbaum's statements cannot constitute direct evidence because he was not a decision-maker. (ECF No. 15, PageID.244–225.) This argument is not convincing. The proposed amended complaint claims that Mr. Feinbaum is the Director of Employee and Labor Relations, was responsible for determining religious and medical accommodations, and instructed employees with regard to the religious accommodation interviews. (ECF No. 13-1, PageID.170.) The Court can reasonably infer that Mr. Feinbaum was involved in the decision to terminate Plaintiff's employment.[1]

As such, Plaintiff's proposed amended complaint sufficiently alleges a disparate treatment claim under both Title VII and ELCRA.

---

[1] Defendant contends that Mr. Feinbaum cannot be a decisionmaker because Plaintiff's religious accommodations interview was conducted by Kaitlyn Mardeusz and Devin Scott. (ECF No. 15, PageID.244 n.9 (citing ECF No. 15-2 (notes from Plaintiff's religious accommodations interview)).) Even if the Court considered this information, Defendant's argument would not prevail because the interview notes only demonstrate that Mardeusz and Scott conducted the interview, not that they made the decision to terminate Plaintiff's employment.

## IV.   Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's motion for leave to file an amended complaint. (ECF No. 13.) Defendant's motion for judgment on the pleadings is DENIED as MOOT. (ECF No. 11.)

IT IS SO ORDERED.

Dated: August 29, 2024          s/Judith E. Levy
Ann Arbor, Michigan             JUDITH E. LEVY
                                United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 29, 2024.

                                s/William Barkholz
                                WILLIAM BARKHOLZ
                                Case Manager